OPINION OF THE COURT

FLAHERTY, Chief Justice.
The issue raised in this case is whether prospective adoptive parents, who have had the child in their care and custody for nine or ten months following her birth, may intervene in a custody proceeding brought by the child’s natural father, who is seeking custody of the child, when the natural mother has placed the child in the prospective adoptive parents’ custody and favors their adoption of the child.
The child, M, was born out of wedlock on January 4, 1996. Her parents, E and A, were school children aged sixteen and eighteen respectively, living with their parents. During the later stages of her pregnancy, E took up residence in Genesis House in Pittsburgh, a facility which is operated by Genesis of Pittsburgh, an adoption agency for women who intend to place their child for adoption. The day after the child was born, E executed a document granting custody of the child to Genesis and allowed it to seek adoptive parents for the child. Genesis immediately placed the child with D and C, the prospective adoptive parents. The child has remained with these prospective adoptive parents since that time. E executed a consent to the adoption and a similar consent was forwarded to A, who refused to consent.
D and C initiated an adoption proceeding, the status of which is currently uncertain, and on February 26, 1996, A and his mother filed a complaint for primary physical custody. D and C filed a motion to intervene, and on July 9, 1996, the trial court granted their motion on the grounds that they stood in loco parentis to the child. The trial court heard testimony on the issue of custody, and on November 13, 1996 awarded primary physical custody to D and C. A and his mother appealed.
Superior Court affirmed, holding that the natural mother’s decision to grant custody to the Genesis agency, who in turn granted it to D and C, conferred upon D and C in loco parentis status, and that considering the child’s physical, intellectual, moral and spiritual well-being, the trial court did not err in awarding custody to D and C.
The issue in this appeal from the decision of Superior Court is whether it was error to allow the prospective adoptive parents the right to intervene by conferring upon them in loco parentis status. Normally, a third party may challenge custody only through dependency proceedings. The Juvenile Act, which governs dependency proceedings, defines a dependent child, inter alia, as “A child who is *1229 without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental or emotional health, or morals.” 42 Pa.C.S. § 6302. In other words, in order for a third party to interfere in a natural parent’s custody of his child, the third party would have to show in a dependency proceeding that the child is not properly cared for. If the third party were able to prevail on that issue, then the third party could intervene in a custody proceeding. As Superior Court stated in Cardamone v. Elshoff, 442 Pa.Super. 263, 659 A.2d 575 (1995): “[UJnless the natural parents’ prima facie right to custody is successfully overcome via the dependency proceedings, this court cannot confer standing upon third parties to interfere with the parent child relationship.” 659 A.2d at 581.[1]
An exception to this rule is that where the third parties stand in loco parentis, i.e., where the third parties have “assumed obligations incident to the parental relationship,” id., the third party may intervene in a custody proceeding. However, “a third party cannot place himself in loco parentis in defiance of the parents’ wishes and the parent/child relationship.” Gradwell v. Strausser, 416 Pa.Super. 118, 610 A.2d 999, 1003 (1992).
The record in this case establishes that A attempted to gain custody of his child from shortly after the child was born until the present. He opposes the adoption and he seeks custody of the child himself. It is plain that D and C retain custody of his child in defiance of his wishes. The lower courts were in error, therefore, in conferring standing upon the prospective adoptive parents.
The order of the Superior Court is reversed and the trial court’s order granting custody to D and C is vacated. The case is remanded for a hearing on the custody petition filed by A and his mother.
Justice NIGRO files a concurring opinion, joined by Justice SAYLOR, who also joins the majority opinion.
Justice ZAJPPALA files a dissenting opinion.
Justice NEWMAN files a dissenting opinion that is joined by Justice CASTILLE.

. In Rowles v. Rowles, 542 Pa. 443, 668 A.2d 126 (1995) a plurality of this court would have abandoned the presumption that parents have a right to custody of their children as against third parties. In its place, the plurality suggested "weighing parenthood as a strong factor for consideration.” 668 A.2d at 128. In suggesting this change in terminology from "presumption” to "weighing parenthood as a strong factor,” however, the plurality observed:
In Ellerbe [v. Hooks, 490 Pa. 363, 416 A.2d 512 (Pa.1980)], both opinions, representing all seven justices, agreed on several principles: "the parent-child relationship should be considered to be of importance in determining which custody arrangement is in the child’s best interest,” "special weight” and "deference” should be accorded the parent-child relationship, and the relationship should not be disturbed "without some showing of harm” or unless circumstances "clearly indicate the appropriateness of awarding custody to a non-parent.” Id., 490 Pa. at 366, 369, 370, 373, 416 A.2d at 513, 514, 515, 516-17. We adhere to these principles, for, in general, parents have a deep, abiding commitment to the well-being of their children.
668 A.2d at 128 (emphasis added). Because the Rowles opinion did not command a majority of the court, the presumption that parents have a right to the custody of their children as against third parties remains in effect. Whether the parents’ interest in their children is referred to as a presumption or as a factor to be weighed, however, the main idea is that parents are to receive special consideration: as the court put it in Ellerbe, special weight and deference should be accorded the parent-child relationship.